KAEMPFER CROWELL
Robert McCoy, No. 9121
Joni A. Jamison, No. 11614
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Facsimile: (702) 796-7181
Email: rmccoy@kcnvlaw.com
Email: jjamison@kcnvlaw.com

Attorneys for Plaintiff
Jetcrete North America LP

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JETCRETE NORTH AMERICA LP,<br><br>  Plaintiff,<br><br>  *vs.*<br><br>AUSTIN TRUCK & EQUIPMENT, LTD. DBA FREIGHTLINER OF AUSTIN; and DOES I-X and ROE CORPORATIONS I-X,<br><br>  Defendants. | Case No. 2:18-cv-01999-APG-PAL<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Jetcrete North America LP ("Jetcrete") alleges as follows:

**PARTIES**

1. Jetcrete is a limited partnership formed under the laws of Nevada. Its general partner Jetcrete North America Holdings, Inc. and its limited partner Thyssen Mining Inc. are corporations formed under the laws of Nevada with their principal places of business in Nevada. Jetcrete's other limited partner Byrnecut Offshore Pty Ltd. is a corporation formed under the laws of Australia with its principal place of business in Australia.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2230961_1.docx 16549.12

Page 1 of 7

2. Upon information and belief, defendant Austin Truck & Equipment, Ltd. dba Freightliner of Austin ("Freightliner") is a corporation formed under the laws of Texas with its principal place of business in Texas.

## JURISDICTION AND VENUE

3. Complete diversity exists between the parties.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction.

6. Pursuant to 28 U.S.C. § 1391(b)(2), venue is proper because a substantial part of the events giving rise to these claims occurred in Nevada.

## GENERAL ALLEGATIONS

7. In June 2018, Jetcrete contacted Freightliner about purchasing three mixer trucks that were needed for a project that would be beginning in July 2018.

8. Freightliner agreed to sell Jetcrete the three trucks for $172,708.06 each, with a $2,000.00 deposit for each.

9. The transaction for the three mixer trucks was handled primarily through email by James Walpole, as representative for Freightliner, and Richard Miranda, as representative for Jetcrete.

10. Upon information and belief, Mr. Walpole was at all relevant times a salesperson employed by Freightliner.

11. On June 13, 2018, Freightliner, through its agent Mr. Walpole, sent Jetcrete wiring instructions for the $6,000.00 total deposit for the three trucks.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2230961_1.docx  16549.12

Page 2 of 7

12. Jetcrete executed the wire for the $6,000.00 deposit on June 13, 2018, and Freightliner, through its agent Mr. Walpole, confirmed that it received the wired money on June 14, 2018.

13. On June 18, 2018, Freightliner, through its agent Mr. Walpole, sent Jetcrete updated wiring instructions for the balance that was due.

14. Jetcrete executed the wire for the remaining balance of $512,124.18 on June 19, 2018, and Freightliner, through its agent Mr. Walpole, confirmed that it received the wired money on June 20, 2018 and again on June 25, 2018.

15. On June 26, 2018, Freightliner, through its agent Mr. Walpole, contacted Jetcrete to state it had not yet received the wired funds and would not release the trucks until it received the funds.

16. Because Jetcrete was under a strict timeline for obtaining the trucks, it wired an additional $512,124.18 to Freightliner on June 28, 2018 so that the trucks could be delivered while the location of the first payment could be sorted out and returned to Jetcrete.

17. Freightliner has not returned the additional $512,124.18 to Jetcrete, despite Jetcrete's demands that it do so.

**FIRST CAUSE OF ACTION**

**BREACH OF CONTRACT**

18. Jetcrete and Freightliner had a valid agreement whereby Jetcrete would pay Freightliner for the trucks, and Freightliner would deliver the trucks to Jetcrete.

19. Freightliner has materially breached the agreement by forcing Jetcrete to make double payments for the trucks, and not returning the additional payment to Jetcrete.

20. Jetcrete has performed all of its obligations under the parties' agreement.

**KAEMPFER CROWELL**
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2230961_1.docx 16549.12

Page 3 of 7

21. As a direct and proximate result of Freightliner's material breach, Jetcrete has suffered damages.

22. Jetcrete has been forced to retain counsel to pursue this action and is entitled to reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

## BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

23. Jetcrete and Freightliner had a valid agreement whereby Jetcrete would pay Freightliner for the trucks, and Freightliner would deliver the trucks to Jetcrete.

24. Freightliner owed Jetcrete a duty of good faith under the parties' agreement

25. Freightliner breached that duty by performing in a manner that was unfaithful to the purpose of the parties' agreement when it forced Jetcrete to make double payments for the trucks and refused to return the additional payment to Jetcrete.

26. Jetcrete's justified expectations under the parties' agreement were denied.

27. As a direct and proximate result of Freightliner's breach, Jetcrete has suffered damages.

28. Jetcrete has been forced to retain counsel to pursue this action and is entitled to reasonable attorneys' fees.

## THIRD CAUSE OF ACTION

## CONVERSION

29. Freightliner committed an act of dominion over Jetcrete's funds that were wired twice to Freightliner by failing to return one of the wires to Jetcrete.

30. Freightliner's failure to return the funds to Jetcrete was in denial of and inconsistent with Jetcrete's right to those funds.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2230961_1.docx 16549.12

Page 4 of 7

31. Freightliner's failure to return the funds to Jetcrete was in derogation, exclusion, or defiance of Jetcrete's right to those funds.

32. As a direct and proximate result of Freightliner's actions, Jetcrete has suffered damages.

33. Jetcrete has been forced to retain counsel to pursue this action and is entitled to reasonable attorneys' fees.

## FOURTH CAUSE OF ACTION

## FRAUDULENT OR INTENTIONAL MISREPRESENTATION

34. Freightliner, through its agent Mr. Walpole, made a false representation to Jetcrete when it claimed that it had not received the wire of $512,124.18, despite its previous representations, through its agent Mr. Walpole, that it had received that wire.

35. Freightliner's agent Mr. Walpole either knew the representation was false or had an insufficient basis for making the representation.

36. By making this misrepresentation to Jetcrete, Freightliner intended to induce Jetcrete to wire an additional $512,124.18 to Freightliner so that the trucks could be delivered.

37. Jetcrete justifiably relied upon Freightliner's misrepresentation and wired the additional funds to Freightliner.

38. As a direct and proximate result of Freightliner's misrepresentation, Jetcrete has suffered damages.

39. Jetcrete has been forced to retain counsel to pursue this action and is entitled to reasonable attorneys' fees.

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2230961_1.docx  16549.12

Page 5 of 7

**FIFTH CAUSE OF ACTION**

**UNJUST ENRICHMENT**

40. Jetcrete has conferred upon Freightliner the benefit of two payments of $512,124.18 each for the delivery of three mixer trucks.

41. Freightliner has unjustly retained Jetcrete's wired funds, and it is inequitable for Freightliner to retain all of those funds and not return one of the wires to Jetcrete.

42. As a direct and proximate result of Freightliner's acts, Jetcrete has suffered damages.

43. Jetcrete has been forced to retain counsel to pursue this action and is entitled to reasonable attorneys' fees.

**SIXTH CAUSE OF ACTION**

**VICARIOUS LIABILITY**

44. Mr. Walpole was employed by Freightliner at the time of the events described above.

45. As an employee and subordinate of Freightliner, Mr. Walpole was subject to Freightliner's control at the time of the events described above.

46. Mr. Walpole was acting in the scope of his employment at the time of the events described above.

47. As a direct and proximate result of Mr. Walpole's acts as an employee of Freightliner, Jetcrete has suffered damages.

48. Jetcrete has been forced to retain counsel to pursue this action and is entitled to reasonable attorneys' fees.

WHEREFORE, Jetcrete prays for judgment as follows:

1. For an award of damages in an amount to be determined at trial;

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2230961_1.docx 16549.12

Page 6 of 7

2. That Jetcrete recover its reasonable costs of suit;

3. That Jetcrete recover its reasonable attorneys' fees;

4. For pre-judgment and post-judgment interest; and

5. For such other and further relief as the Court may deem just and proper.

KAEMPFER CROWELL


By /s/ Joni A. Jamison
   Robert McCoy, No. 9121
   Joni A. Jamison, No. 11614
   1980 Festival Plaza Drive
   Suite 650
   Las Vegas, Nevada 89135

Attorneys for Plaintiff Jetcrete North America, LP

KAEMPFER CROWELL
1980 Festival Plaza Drive
Suite 650
Las Vegas, Nevada 89135

2230961_1.docx  16549.12

Page 7 of 7